IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARIO ALBERT VILLEGAS, <br><br> Defendant. | CR 14-38-BLG-SPW-09 <br><br> OPINION and ORDER |

Before the Court is Defendant Mario Villegas's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Since the Defendant was sentenced after the Sentencing Commission enacted Amendment 782, he is not eligible for a reduction.

Amendment 782 reduced the base offense levels for certain drug crimes by two levels. The amendment became effective on November 1, 2014. *See Historical Note*, U.S.S.G. § 2D1.1. The Defendant was sentenced on August 6, 2015. Accordingly, the base offense levels in U.S.S.G. § 2D1.1 had already been lowered by the time the Defendant was sentenced. In other words, the Defendant has already benefited from the two-level reduction.

1

By illustration, the Court will show why the Defendant is not entitled to a reduction. The Court attributed 2.041 kilograms of pure methamphetamine to the Defendant and placed him at a base offense level of 36. *Presentence Investigation Report* (Doc. 587) at 18-19. That is the same base offense level for between 1.5 kilograms and 4.5 kilograms of pure methamphetamine under the post-Amendment 782 guidelines. U.S.S.G. § 2D1.1(c)(2). The relevant guidelines have not been changed since the Defendant's sentencing.

Motions to reconsider will not be entertained. *See* D. Mont. L.R. CR 47; *cf.* L.R. 7.3(b). If the Defendant believes the reduction should apply, the only recourse is to appeal this decision.

Accordingly, IT IS HEREBY ORDERED that the Defendant's motion to reduce the sentence based on Amendment 782 (Doc. 603) is DENIED.

DATED this 22 day of October, 2015.

SUSAN P. WATTERS
United States District Judge