IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 14-38-BLG-SPW |
|---|---|
| Plaintiff/Respondent, | |
| vs. | ORDER REQUIRING ANSWER |
| MARIO ALBERT VILLEGAS, | |
| Defendant/Movant. | |

On November 14, 2019, Defendant/Movant Villegas filed an amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Villegas points out that the United States cannot submit a well-developed answer to his claims without an opportunity to discover facts. *See* Mot. (Doc. 662) at 5.

A well-developed answer is not required. The United States need only respond to "the allegations in the *motion*," Rule 5(b), Rules Governing § 2255 Proceedings (emphasis added), not each allegation and argument in the supporting brief. It must also raise any defenses it intends to develop or at least wants to preserve. The United States may file an adequate answer, *see, e.g.*, Fed. R. Civ. P. 8(b)(5), without discovery.

After the answer is filed, Villegas may reply if the United States seeks judgment in its favor on the pleadings (that is, regardless of what underlying facts

1

might be discovered). In that event, the Court will consider the legal issues presented. Otherwise, a schedule will be set for further proceedings, including opportunity for discovery and/or a hearing and briefing.

Accordingly, IT IS ORDERED:

1. On or before **January 10, 2020**, the United States shall file an answer to Villegas's amended § 2255 motion. The answer shall respond to the allegations in the manner of an answer to a complaint and shall affirmatively state any procedural defenses. Defenses not raised will be deemed waived. The United States may move to dismiss if it believes there are procedural grounds for dismissal without discovery or a hearing, but it will not forfeit any defense raised in the answer and it may not file a motion to dismiss in lieu of an answer. The United States shall include a statement as to whether it believes an evidentiary hearing is necessary.

2. Villegas may reply to the answer within 21 days of the its filing.

3. Unless a protective order is entered, counsel for the United States shall not seek or accept disclosure of confidential information from Villegas's previous counsel.

DATED this 5th day of December, 2019.

Susan P. Watters
United States District Court