IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIO ALBERT VILLEGAS,<br><br>Defendant. | CR 14–38–BLG–SPW–9<br><br>ORDER |

On January 28, 2026, Defendant Mario Albert Villegas filed a pro se "motion to correct clerical error in presentence report and sentencing proceedings and judgment pursuant to Fed. R. Crim. P. 36." (Doc. 735.) That motion requests that the Court amend several paragraphs in his original presentence investigation report to reflect a criminal history score of 12, rather than 14. (*See* PSR ¶¶ 102–04, 140.) According to Villegas, such amendment is warranted because, contrary to what is stated in his presentence report, he was not on parole at the time he committed the underlying offense in this case and therefore he should not have been given additional status points under USSG §4A1.1(d). (*See* Doc. 735.) Villegas' motion is denied.[1]

---

[1] Villegas previously sought relief related to his criminal history calculation under Amendment 821. (Doc. 733.) That motion was denied because the retroactive

1

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 imposes no time limit on when it may be invoked, it "was intended to allow correction of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal had elapsed." *United States v. Jones*, 608 F.2d 386, 389 (9th Cir. 1979) (footnote omitted). Courts have construed "clerical errors" to be "minor, uncontroversial errors," that are not "errors of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit." *United States v. Jacques*, 6 F.4th 337, 341 (2d Cir. 2021) (cleaned up). Consistently, "[c]lerical errors include such mistakes as listing the wrong statutory citation for the offense of which the defendant was convicted, . . . misspelling of the defendant's name, or reversing the statutory sections that were applicable to two counts of conviction." *Id.* at 341–42 (internal citations omitted). On the other hand, such errors do not include incorrect, misunderstood, or misapplied sentencing statutes or guidelines. *See id.* at 342.

Here, the error complained of by Villegas in his Rule 36 motion is not

---

amendment to the Sentencing Guidelines did not change his criminal history category. (Doc. 734.)

2

clerical nor one resulting from oversight. Villegas seeks to rewrite numerous paragraphs of his presentence report to remove his parole status which, in turn, would alter his criminal history calculation. Contrary to Villegas' characterization, this is not merely a "mathematical miscalculation," (Doc. 735 at 5), but rather it is a substantive component of his federal sentence. The substantive character of the proposed change is only made more apparent when one reviews the criminal history outlined in his presentence report, as it indicates that Villegas was in fact still on parole at the time of the underlying conduct. (*See* PSR ¶ 101 (stating his state sentence did not discharge until May 2014).) Accordingly, Villegas' Rule 36 motion is denied.

Because Villegas is proceeding pro se, it is necessary to consider whether relief is otherwise warranted. It is not. Although a federal prisoner may file a habeas challenge to vacate his sentence under 28 U.S.C § 2255, such a motion may not be used to litigate matters that could have been raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). Further, there are several prerequisites to such a challenge. Namely, a § 2255 motion must generally be filed within one year after a judgment is final, 28 U.S.C. § 2255(f), and a second or successive motion must be authorized by the Court of Appeals, *id.* § 2255(h). In the absence of such certification, this Court lacks

jurisdiction to grant relief. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Here, Villegas' judgment has been final for years, and he previously, and unsuccessfully, sought habeas relief on different grounds. (*See* Doc. 704.) As a result, at a minimum he cannot proceed without authorization from the Ninth Circuit Court of Appeals.

Accordingly, IT IS ORDERED that Villegas' motion (Doc. 735) is DENIED.

DATED this 29th day of January, 2026.

Susan P. Watters, District Judge
United States District Court